IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| JEREMIAH ADDON CURRY, TDCJ-CID NO. 1540449, Petitioner, v. WILLIAM STEPHENS, Respondent. | § § § § § § § § § § § |

CIVIL ACTION NO. H-13-2201

MEMORANDUM AND ORDER ON DISMISSAL

State inmate Jeremiah Addon Curry, seeks federal habeas relief from his 2008 conviction for aggravated robbery. For the reasons that follow, the Court will dismiss the petition pursuant to 28 U.S.C. § 2244(d) because it is barred by the governing statute of limitations.

I. PROCEDURAL HISTORY

Following a jury trial in the 248th Judicial District Court of Harris County, Texas, Petitioner was convicted of aggravated robbery with a deadly weapon (Cause Number 1165117), for which he was sentenced to forty years confinement in the Texas Department of Criminal Justice-Correctional Institutions Division ("TDCJ-CID"). (Docket No. 1.) Petitioner timely appealed to the Texas First Court of Appeals which affirmed the conviction in a written opinion issued June 24, 2010. Curry v. State, Nos. 01-08-00934-CR, 01-08-00935-CR, 2010 WL 2545596 (Tex. App.-Houston [1st Dist.] Jun. 24,

2010). Petitioner subsequently filed a timely petition for discretionary review ("PDR") with the Texas Court of Criminal Appeals which was refused on November 10, 2010. Id.; Texas Court Website.[1] Petitioner did not seek a writ of *certiorari* from the United States Supreme Court and the time to do so expired ninety days after the PDR was refused. SUP. CT. R. 13.1. Thus, Petitioner's conviction became final for purposes of federal habeas corpus review on February 8, 2011. See 28 U.S.C. § 2244(d)(1)(A).

Petitioner filed an application for a writ of habeas corpus in the trial court on February 16, 2012 (Cause Number 1165117A). Harris County website.[2] On April 17, 2013, that application was denied by the Texas Court of Criminal Appeals on the trial court's findings without a written order or a hearing. (Docket No. 1 at 3-4); Texas court website.[3]

Petitioner filed the present federal petition for a writ of habeas corpus on July 29, 2013.[4] (Docket No. 1.)

---

[1] http://www.search.txcourts.gov/Case.aspx?cn=01-08-00935-CR (viewed May 12, 2014).

[2] http://www.hcdistrictclerk.com/edocs/public/CaseDetails.aspx?Get=nHNL518KkY2cZLrnxOi1+TeV955snWH+WutgWwaMs8SjwolwhX6K4OJ8TiocyvzCGsDB1A7xIT7rKGB6yjsP0uAYzcPHATH8LrneiUBWOOg= (viewed May 12, 2014).

[3] http://www.cca.courts.state.tx.us/opinions/EventInfo.asp?EventID=2521769 (viewed May 12, 2014).

[4] Although Petitioner's signature on the petition is dated April 26, 2013, it is not notarized and the postmark indicates that the petition was not mailed until July 26, 2013. (Docket No. 1 at 20.)

II. <u>ONE-YEAR STATUTE OF LIMITATIONS</u>

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214 (1996), habeas corpus petitions are subject to a one-year limitations period found in 28 U.S.C. § 2244(d), which provides as follows:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of --
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other

> collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1)-(2). The one-year limitations period became effective on April 24, 1996, and applies to all federal habeas corpus petitions filed on or after that date. Flanagan v. Johnson, 154 F.3d 196, 198 (5th Cir. 1998) (citing Lindh v. Murphy, 521 U.S. 320 (1997)). Because the present petition was filed well after AEDPA was implemented, the one-year limitations period applies to Petitioner's claims.

Although the statute of limitations is an affirmative defense, courts are authorized to raise such defenses *sua sponte* in habeas actions. Kiser v. Johnson, 163 F.3d 326, 329 (5th Cir. 1999). This Court may, therefore, properly determine at the outset whether the petition here is timely or not.

As noted above, under AEDPA, Petitioner's one-year limitations period began on February 8, 2011, the last day he could have filed a petition for writ of *certiorari* with the Supreme Court of the United States. Sup. Ct. R. 13.1. That date triggered the one-year limitations period which expired on February 8, 2012. Petitioner's state habeas application, which was filed on February 16, 2012, did not toll the AEDPA deadline because it was filed afer the federal limitations period had already expired. *See* Scott v. Johnson, 227 F.3d 260, 263 (5th Cir. 2000). Therefore, Petitioner's present

application for writ of habeas corpus, filed July 29, 2013, is time-barred.[5]

On January 17, 2014, the Court ordered Petitioner to file a written statement addressing the limitations bar and equitable tolling, if applicable. (Docket No. 4.) Petitioner's response asserts that he never received a "white card" from the Texas Court of Criminal Appeals informing him that his PDR had been refused and that he instead relied upon false information provided by family members. (Docket No. 7 at 1.) Petitioner also states that he mistakenly believed the AEDPA limitations period is calculated from the date the mandate is issued by the Texas Court of Criminal Appeals (the "Final Disposition" date) rather than the date the PDR is refused. (Docket No. 7.) Petitioner makes no argument for equitable tolling.

Petitioner's arguments as to the timeliness of his petition are unavailing. Petitioner has not shown that he was subjected to any *state action* that impeded him from filing his petition in a timely manner. 28 U.S.C. § 2244(d)(1)(B). Although Petitioner denies receiving notice from the Texas Court of Criminal Appeals that his PDR had been refused, he does not explain how this prevented him from timely filing here. Petitioner had fifteen months from the time his PDR was refused to toll the limitations

---

[5] Even if the petition were deemed filed on the signature date, April 26, 2013, it would still be untimely.

period under AEDPA by filing a state habeas petition. While it is unclear when Petitioner first became aware that his PDR had been refused, had Petitioner exercised due diligence he would have learned about it long before the limitations period expired.

Petitioner's explanation that he relied upon false information provided by family members regarding when the PDR was denied also shows a lack of due diligence and does not justify the tardiness of his filing. (Docket No. 7 at 1-2.) Petitioner does not dispute that the limitations period in this case runs from the date on which the judgment from his conviction became final by the conclusion of direct review or the expiration of the time for seeking such review pursuant to 28 U.S.C. § 2244(d)(1)(A). "AEDPA, and not state law, determines when a judgment is final for federal habeas purposes." Foreman v. Dretke, 383 F.3d 336, 339 (5th Cir. 2004). The issuance of a mandate by a state court is irrelevant to determining when a judgment becomes final for purposes of § 2244(d)(1)(A). Gonzalez v. Thaler, 623 F.3d 222, 224 (5th Cir. 2010) (citing Roberts v. Cockrell, 319 F.3d 690, 694-95 (5th Cir. 2003)). Although petitioner is incarcerated and is proceeding without counsel, his ignorance of the law does not excuse his failure to timely file his petition. Fisher v. Johnson, 174 F.3d 710, 714 (5th Cir. 1999).

Finally, Petitioner has not presented any argument for equitable tolling. Although the Fifth Circuit has held that the

one-year limitation period for the filing of federal habeas claims can be equitably tolled in "appropriate, albeit extraordinary circumstances," Davis v. Johnson, 158 F.3d 806, 807 (5th Cir. 1998), a petitioner seeking equitable tolling must show that he has diligently pursued his rights and some extraordinary circumstance impeded him from timely filing his petition, Sutton v. Cain, 722 F.3d 312, 316-17 (5th Cir. 2013). As already discussed, Petitioner has not made such a showing.

Accordingly, the Court finds that Petitioner's federal petition is barred by AEDPA's one-year limitation period and, therefore, this action is DISMISSED.

## III. CERTIFICATE OF APPEALABILITY

A certificate of appealability from a habeas corpus proceeding will not issue unless the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This standard "includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Slack v. McDaniel, 529 U.S. 473, 484 (2000) (internal quotations and citations omitted). Stated differently, the petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable

or wrong." Id.; Beazley v. Johnson, 242 F.3d 248, 263 (5th Cir. 2001). On the other hand, when denial of relief is based on procedural grounds, the petitioner must not only show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," but also that they "would find it debatable whether the district court was correct in its procedural ruling." Beazley, 242 F.3d at 263 (quoting Slack, 529 U.S. at 484); see also Hernandez v. Johnson, 213 F.3d 243, 248 (5th Cir. 2000). A district court may deny a certificate of appealability, *sua sponte*, without requiring further briefing or argument. Alexander v. Johnson, 211 F.3d 895, 898 (5th Cir. 2000).

The Court determines that Petitioner has not made a substantial showing that reasonable jurists would find the Court's procedural ruling debatable; therefore, a certificate of appealability from this decision will not issue.

IV.  CONCLUSION

Accordingly, the Court ORDERS the following:

1.  Petitioner's application for a writ of habeas corpus under 28 U.S.C. § 2254 is DISMISSED with prejudice.

2.  A certificate of appealability is DENIED.

3.  All pending motions, if any, are DENIED.

Signed at Houston, Texas, on _May 30_, 2014.

EWING WERLEIN, JR.
UNITED STATES DISTRICT JUDGE